**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**LEON BOOKER, #88866**                                                                                    **PLAINTIFF**

**VERSUS**                                                          **CIVIL ACTION NO. 3:08cv743-DPJ-JCS**

**POLICE DEPARTMENT OF THE
CITY OF JACKSON, MISSISSIPPI,
JOHN DOES, Unknown Dispatch Officer;
JOHN DOES, Unknown Responding Officer;
"FIRST NAME UNKNOWN" MCMILLIAN,
Acting Chief of Police for the City of Jackson;
and SHERLY ANDERSON, Chief of Police**                                           **DEFENDANTS**

<u>ORDER</u>

This matter is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Leon Booker, an inmate presently incarcerated at the Central Mississippi Correctional Facility, Pearl, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983 against the following Defendants: Police Department of the City of Jackson, Mississippi, John Does-Unknown Dispatcher, John Does-Unknown Responding Officer, Acting Chief "First Name Unknown" McMillian, and Sherly Anderson, Chief of Police. He seeks as relief 1) money and 2) copies of the "911" records for May 3, 2004, and May 12, 2004.

Plaintiff states that on May 3, 2004, he called "911" to report that nine gun shots were fired into his residence. The dispatcher informed Plaintiff that "an officer had been dispatched to our [sic] location." *Compl.* [1] at 5. According to the Complaint, although a police officer did drive by Plaintiff's home, the officer did not stop or question Plaintiff nor does it appear that the police officer conducted any type of investigation.

Due to the lack of police action, Plaintiff states that on May 12, 2004 he went to the police station and complained. He alleges that he was informed by the City Police dispatcher that he could not file criminal charges. Additionally, he states that the City Police dispatcher instructed him to return to his residence and call "911" concerning this matter. Plaintiff contends that he then returned to his residence and after making the call to "911," a police officer responded. Plaintiff asserts that he informed the police officer of the identity of the people who shot into his home, explained that he was afraid for his family and for himself, and expressed that "something had to be done." *Compl.* [1] at. 6. The police officer then allegedly told Plaintiff "that there was nothing he could do, and criminal charges were not filed nor was an investigation conducted." *Id.*

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous[1] or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, § 1915(e)(2) applies to the instant case.

After reviewing Plaintiff's complaint and applying a liberal construction as required by *Haines v. Kerner*, 404 U.S. 519 (1972), the Court has come to the conclusion that Plaintiff's claims are time-barred by the three year statute of limitations.

"[W]here it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed

---

[1] A case that is found to be legally frivolous is one that seeks to assert a "right" or address a "wrong" clearly not recognized by federal law. *See, e.g., Neitzke v. Williams*, 490 U.S. 319 (1989).

pursuant to § 1915(d)." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). There is no federal statute of limitations for civil rights actions. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period since there is no federal statute of limitations for civil rights actions brought pursuant to 42 U.S.C. § 1983). Therefore, this Court must borrow the general personal injury limitations period for Mississippi and apply it to the allegations of the instant civil action. *Id.* The applicable Mississippi statute of limitations period is three years. *See Gates v. Walker*, 865 F. Supp. 1222, 1230 (S.D. Miss. 1994), *aff'd*, 62 F.3d 394 (5th Cir. 1995); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended.

While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007).[2] As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id*. As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) The existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim. Actual knowledge is not required if the circumstances would lead a reasonable person to investigate further.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted); *see also Walker v. Epps*, 550 F.3d 407, 414 (5th Cir. 2008) (citing *Piotrowski,*

---

[2]The federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (considering a Texas statute that regarded imprisonment as a disability which tolled the statute of limitations). Other than the discovery rule, Plaintiff does not allege that any other tolling provisions are applicable.

*supra*). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). The State of Mississippi does not provide a tolling provision for incarceration.

From the allegations of the complaint, it is clear that as of May 12, 2004, he was aware of his injury and the connection between the injury and the Defendants' alleged conduct. *Piotrowski*, 237 F.3d at 576. Therefore, giving Plaintiff the benefit of the later date, the limitation period expired on May 12, 2007. Plaintiff's claims accrued more than three years prior to filing the present action on December 8, 2008, and are time-barred. Therefore, Plaintiff cannot maintain the instant civil action.

As discussed above, it is clear that Plaintiff's claims alleged in the instant civil action are barred by the statute of limitations. Therefore, Plaintiff's complaint is without an arguable claim, and it further fails to state a claim upon which relief may be granted. Consequently, this complaint is dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §1915(e)(2)(B)(ii).

Since this case is dismissed pursuant to the above mentioned provisions of the Prison Litigation Reform Act, it will be counted as a "strike".[3] If Plaintiff receives "three strikes" he

---

[3]28 U.S.C. § 1915(g) states:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

will be denied *in forma pauperis* status and required to pay the full filing fee to file a civil action or appeal.

**SO ORDERED AND ADJUDGED** this the 12th day of March, 2009.

s/ *Daniel P. Jordan III*  
UNITED STATES DISTRICT JUDGE